**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RAMON A. ANGULO, Jr., | No. 12-55736 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-00333-AG-AGR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted December 3, 2013
Pasadena, California

Before: SCHROEDER, NOONAN, and CLIFTON, Circuit Judges.

Ramon Angulo appeals the district court's judgment upholding the decision

of the Commissioner of Social Security to deny him Supplemental Security Income

benefits. We affirm the district court's judgment.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Angulo argues that the ALJ relied improperly on evidence outside the closed disability period in finding that his statements about his symptoms were not entirely credible. Angulo's testimony that he played racquetball and could do a week's worth of grocery shopping at a time referred to his activities after the closed period, and therefore the ALJ should not have relied on it. The ALJ's other reasons for rejecting Angulo's testimony were, however, "specific, clear, and convincing," and based on a rational interpretation of the evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citations and internal quotation marks omitted); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). In particular, the ALJ could properly rely upon Angulo's descriptions of his condition and activities beginning on October 25, 2006, which is when the period of Angulo's claim began. Because the ALJ's credibility determination was still supported by substantial evidence, it must be affirmed. *Carmickle v. Comm'r*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

Substantial evidence also supported the ALJ's residual functional capacity determination that Angulo was capable of performing light or sedentary work, with certain nonexertional restrictions, limited to nonpublic simple repetitive tasks. The ALJ adopted in full the determinations of the three state agency doctors who reviewed Angulo's records. These determinations were consistent with the

opinions of Angulo's treating physicians and Angulo himself, and thus constitute "substantial evidence." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation omitted).

The use of the grids was appropriate. A vocational expert is only required when there are "significant and sufficiently severe non-exertional limitations not accounted for in the grid." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (internal quotation marks omitted). Angulo's postural and environmental limitations did not significantly limit his ability to do unskilled light or sedentary work. SSR 83-12; SSR 83-14. Nor did his restriction to nonpublic, simple, repetitive work. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(b), (g).

**AFFIRMED.**